| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Priscilla Lacy** | | Check if this is an amended plan ☐ |
| | Name: First    Middle            Last | | Amends plan dated: _____ |
| Debtor 2 (Spouse, if filing) | Name: First    Middle            Last | | |
| Case number: (If known) | | | |

# Chapter 13 Plan

**Notices**

**To Debtor(s):** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules, administrative orders, and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies. Your failure to check a box that applies renders that provision ineffective.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the confirmation hearing, unless otherwise ordered. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is made. See Bankruptcy Rule 3015. In addition, a proper proof of claim must be filed in order to be paid under this plan.

The following matters may be of particular importance to you. Debtor(s) must check each box that applies. Debtor(s)' failure to check a box that applies renders that provision ineffective.

☑ **The plan seeks to limit the amount of a secured claim, as set out in Part 3, § 3.2, which may result in a partial payment or no payment at all to the secured creditor.**

☐ **The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, § 3.4.**

☐ **The plan sets out nonstandard provision(s) in Part 9.**

**Plan Payments and Length of Plan**

**2.1** **Debtor(s) will make regular payments to the trustee as follows:**

**$825** per **Month** for **60** months

*Debtor(s) shall commence payments within thirty (30) days of the petition date.*

**2.2** **Regular payments to the trustee will be made from future income in the following manner** (*check all that apply*)*:*

    ☐ Debtor(s) will make payments pursuant to a payroll deduction. Debtor(s) request a payroll deduction be issued to:

    ☑ Debtor(s) will make payments directly to the trustee.
    ☐ Other (specify method of payment)

**2.3** **Income tax refunds and returns.** *Check one.*

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

☑    Debtor(s) will retain any income tax refunds received during the plan term.

☐    Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee income tax refunds received during the plan term, if any.

☐    Debtor(s) will treat income tax refunds as follows:

_____

☐    Debtor(s) believe they are not required to file income tax returns and do not expect to receive tax refunds during the plan term.

**2.4**     **Additional Payment** *Check all that apply.*
☑    **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5**     **Adequate Protection Payments**

Any adequate protection payments shall be made as part of this plan; see Part 3 or Part 9 for details. The secured creditor must file a proof of claim in order to receive payment. Unless otherwise ordered, adequate protection payments through the trustee shall be made as funds are available after the proof of claim is properly filed.

| Part 3: | Treatment of Secured Claims |

**3.1**     **Maintenance of payments and cure of defaults, if any, on long-term secured debts.** *Check one.*

☐    **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
☑    Debtor(s) or trustee will maintain the current contractual installment payments on the secured claims listed below. These payments will be disbursed either by the trustee or paid directly by Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee. Unless otherwise ordered, the amounts listed on a proof of claim, amended proof of claim, or notice of payment change control over any contrary amounts listed below as to the estimated amount of the creditor's total claim, current installment payment, and arrearage.

| Name of Creditor | Collateral | Estimated Amount of Creditor's Total Claim | Current Installment Payment (including escrow) | Amount of Arrearage (if any) | Months Included in Arrearage | Monthly Fixed Payment on Arrearage | Monthly Fixed Payment on Arrearage to Begin |
|---|---|---|---|---|---|---|---|
| Carrington Mortgage Services | Home | $47,982.00 | $659.00 Disbursed by: **Debtor** To Begin: **July 2019** | $2,200.00 | **Arrears through June 2019** | $73.00 | |

**3.2**     **Request for valuation of security, claim modification, and hearing on valuation.** *Check one.*

☐    **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**The rest of § 3.2 will be effective only if the applicable box in Part 1 of this plan is checked.**

☑    Debtor(s) request that the court determine the value(s) of the collateral and the amount(s) of the secured claim(s) listed below. For each nongovernmental secured claim listed below, Debtor(s) state that the amount of the secured claim should be the *lesser* of (a) the amount of the secured claim listed on the creditor's proof of claim and (b) the amount set out in the column headed *Amount of Secured Claim.* For each listed claim, the amount of the secured claim will be paid in full with interest at the rate stated below. *If a nongovernmental creditor timely objects to the proposed value of the creditor's collateral or the proposed amount of the creditor's secured claim, the confirmation hearing shall include a valuation hearing pursuant to 11 U.S.C. § 506 and Bankruptcy Rule 3012 unless otherwise ordered. If a nongovernmental creditor whose claim is listed below fails to timely object, the creditor shall be deemed to have accepted the amount and treatment of the creditor's secured claim as set forth below.*

For nongovernmental creditors, unless otherwise provided by this plan or otherwise ordered, the portion of any allowed claim that exceeds the amount of the secured claim listed below will be treated as an unsecured claim under Part 5 of this plan, and, if the amount of a creditor's secured claim is listed below as having a value of zero, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. For nongovernmental creditors, unless otherwise ordered, the amount of the creditor's total claim listed on the proof of claim or amended proof of claim controls over any contrary amounts listed below, but the amount of that creditor's secured claim, the value of the collateral, and the interest rate are controlled by the plan.

The holder of any claim listed below as having value in the column headed *Amount of Secured Claim* will retain the lien until the

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com            Best Case Bankruptcy

earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge under 11 U.S.C. § 1328(a), at which time the lien will terminate and be released by the creditor.

For secured claims of governmental units, unless otherwise ordered, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.

| Name of Creditor | Monthly Adequate Protection Payment | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amount of Secured Claim | Interest Rate | Monthly Fixed Payment to Creditor | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|---|
| Ally Financial | $185.00 | $26,168.00 | 2016 Dodge Challenger 25,000 miles | $18,500.00 | $18,500.00 | 5.25% | $616.00 | |
| Conns | $15.00 | $3,579.00 | Furniture | $1,000.00 | $1,000.00 | 5.25% | $33.00 | |
| Farmers Furniture | $15.00 | $2,234.00 | Furniture | $500.00 | $500.00 | 5.25% | $17.00 | |

**3.3**     **Secured claims excluded from 11 U.S.C. § 506 and fully secured claims.** *Check one.*

     ☑     **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced*.

**3.4**     **Section 522(f) judicial lien and nonpossessory, nonpurchase-money ("Non-PPM") security interest avoidance.** *Check all that apply.*

     ☑     **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced*.

**3.5**     **Surrender of collateral.** *Check one.*

     ☑     **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

### Part 4:    Treatment of Fees and Priority Claims

**4.1**     **General**

Trustee's fees will be paid in full. Except as set forth in § 4.5, allowed priority claims also will be paid in full, without interest.

**4.2**     **Chapter 13 case filing fee.** *Check one.*

     ☑ Debtor(s) intend to pay the Chapter 13 case filing fee through the plan.
     ☐ Debtor(s) intend to pay the Chapter 13 case filing fee directly to the Clerk of Court.

**4.3**     **Attorney's fees.**

The total fee requested by Debtor(s)' attorney is $**3,500.00**. The amount of the attorney fee paid prepetition is $**67.00**.
The balance of the fee owed to Debtor(s)' attorney is $**3,433.00**, payable as follows (*check one*):

     ☐ $ at confirmation and $ per month thereafter until paid in full, or
     ☑ in accordance with any applicable administrative order regarding fees entered in the division where the case is pending.

**4.4**     **Priority claims other than attorney's fees and domestic support obligations.** *Check one.*

     ☑     **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced*.

**4.5**     **Domestic support obligations.** *Check one.*

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

✓ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

---

**Part 5:** **Treatment of Nonpriority Unsecured Claims**

---

**5.1** **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata.

**5.2** **Percentage, Base, or Pot Plan.** *Check one.*

☐ 100% Repayment Plan. This plan proposes to pay 100% of each allowed nonpriority unsecured claim.

☐ Percentage Plan. This plan proposes to pay _____% of each allowed nonpriority unsecured claim.

☐ Pot Plan. This plan proposes to pay $_____, distributed pro rata to holders of allowed nonpriority unsecured claims.

✓ Base Plan. This plan proposes to pay $__**49,500.00**__ to the trustee (plus any tax refunds, lawsuit proceeds, or additional payments pursuant to §§ 2.3 and 2.4). Holders of allowed nonpriority unsecured claims will receive the funds remaining, if any, after disbursements have been made to all other creditors provided for in this plan

**5.3** **Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*
    ✓ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

**5.4** **Maintenance of payments and cure of any default on long-term nonpriority unsecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

✓ Debtor(s) will maintain the contractual installment payments and cure any default in payments on the nonpriority unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the trustee or paid directly by Debtor(s), as specified below. The allowed claim for the arrearage amount will be paid in full and disbursed by the trustee. Unless otherwise ordered, the amounts listed on a proof of claim or amended proof of claim control over any contrary amount listed below as to the estimated amount of the creditor's total claim, current installment payment, and arrearage.

| Name of Creditor | Estimated Amount of Creditor's Total Claim | Current Installment Payment | Amount of Arrearage (if any) | Months Included in Arrearage | Monthly Fixed Payment on Arrearage | Monthly Fixed Payment on Arrearage to Begin |
|---|---|---|---|---|---|---|
| FedLoan Servicing | $9,163.00 | Deferred<br>Disbursed by:<br>☐ Trustee<br>✓ Debtor(s)<br>To begin: **60** | $0.00 | | | |

**5.5** **Other separately classified nonpriority unsecured claims.** *Check one.*

✓ **None.** *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

---

**Part 6:** **Executory Contracts and Unexpired Leases**

---

**6.1** **The executory contracts and unexpired leases listed below are assumed, will be treated as specified, and any defaults cured.** *Check one.*

✓ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**6.2** **The executory contracts and unexpired leases listed below are rejected:** *Check one.*

✓ **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

| Part 7: | Sequence of Payments |
| --- | --- |

7.1      Unless otherwise ordered, the trustee will make the monthly payments required in Parts 3 through 6 in the sequence of payments set forth in the administrative order for the division in which this case is pending.

| Part 8: | Vesting of Property of the Estate |
| --- | --- |

8.1      **Property of the estate will vest in Debtor(s)** *(check one)***:**

☑      Upon plan confirmation.

☐      Upon entry of Discharge

| Part 9: | Nonstandard Plan Provisions |
| --- | --- |

☑      **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

| Part 10: | Signatures: |
| --- | --- |

**Signature(s) of Debtor(s) required.**

**Signature(s) of Debtor(s)** *(required)***:**

**X**   /s/ Priscilla Lacy_____      Date    6/3/19
      **Priscilla Lacy**

**X**   _____      Date

**Signature of Attorney for Debtor(s):**
**X**   /s/ Ronald C. Sykstus_____      Date    6/3/19
      **Ronald C. Sykstus**
      **225 Pratt Avenue NE**
      **Huntsville, AL 35801-4008**
      **256-539-9899**

Name/Address/Telephone/Attorney for Debtor(s):

**By filing this document, Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certif(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in this district's Local Form, other than any nonstandard provisions included in Part 9.**

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

IN RE:      Priscilla Lacy                Case No.: 19-      CRJ-13
             xxx-xx-0604
             Debtor.

### CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN CONTAINING VALUATION, LIEN AVOIDANCE, § 1301 CO-DEBTOR STAY RELIEF, OR CONTAINING A NON-STANDARD PROVISION REQUIRING RULE 7004 SERVICE

Debtor's chapter 13 plan dated June 3, 2019 (check all that apply):

[x] seeks to value collateral and cram down one or more secured claims in Part 3.2
[ ] seeks to avoid one or more liens in part 3.4
[ ] requests termination of the § 1301 co-debtor stay in Part 3.5
[ ] sets out one or more non-standard provisions in Part 9, requiring service under Rule 7004.

In accordance with Local Rule 3015-1(c), I certify that the creditors whose claims are affected have been served as follows:

| Creditor name and address (If the creditor is an entity other than an Insured Depository Institution ("IDI")*, identify the officer, managing agent, general agent, or other agent authorized to receive process to whose attention service was made. If the entity is an IDI, identify the officer to whose attention service was made via certified mail.) | Method of service |
|---|---|
| Ally Financial, Inc.<br>c/o CT Corporation System, Registered Agent<br>2 North Jackson Street, Suite 605<br>Montgomery, AL 36104 | [x] First Class Mail<br><br>[ ] Certified Mail No. |
| Conn Appliances, Inc.<br>c/o CT Corporation System, Registered Agent<br>2 North Jackson Street, Suite 605<br>Montgomery, AL 36104 | [x] First Class Mail<br><br>[ ] Certified Mail No. |
| Farmer's Furniture<br>c/o Prentice Hall Corporation System, Registered Agent<br>57 Adams Avenue<br>Montgomery, AL 36104 | [x] First Class Mail<br><br>[ ] Certified Mail No. |
| | [ ] First Class Mail<br><br>[ ] Certified Mail No. |

*Most IDI's are banks, credit unions, or savings & loan associations.

In accordance with Local Rule 3015-1(c), I certify that the § 1301 co-debtor(s) who are subject to the termination of the § 1301 co-debtor stay have been served via First Class U.S. Mail as follows:

"""

| Name and address | Creditor | Collateral |
|---|---|---|
|  |  |  |
|  |  |  |

Under penalty of perjury, I declare that the foregoing is true and correct.

Date  6/4/19                                         /s/ Ronald C. Sykstus
                                                     Ronald C. Sykstus
                                                     Amy K. Tanner
                                                     James W. Ezzell, Jr.
                                                     Kathryn V. Davis
                                                     Attorney for Debtor

OF COUNSEL:

BOND, BOTES, SYKSTUS, TANNER & EZZELL, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
(256) 539-9899

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

IN RE:      Priscilla Lacy          )
                 xxx-xx-0604         )
                    Debtor           )

## AFFIDAVIT IN SUPPORT OF REQUEST FOR VALUATION OF PROPERTY

Before me, the undersigned authority, a notary public in and for the State of Alabama at large, personally appeared Priscilla Lacy, who is known to me, and who, being by me first duly sworn, deposes and says as follows:

My name is Priscilla Lacy. I am the owner of the following described personal property: 2016 Dodge Challenger

I offer this affidavit of my opinion of the value of this 2016 Dodge Challenger in support of my request for valuation of this property, and pursuant to Rule 9017 <u>Federal Rules of Bankruptcy Procedure</u> and Rule 43(e) <u>Federal Rules of Civil Procedure</u>.

I have owned this 2016 Dodge Challenger for approximately _3 years_. I have used/operated this 2016 Dodge Challenger during the entire time I have owned it. I have examined it and I am familiar with its condition and the condition of any accessories.

I have an opinion of the value of this 2016 Dodge Challenger. In my opinion, the fair market value of this 2016 Dodge Challenger was **$18,500.00** as of **June 2019.** My opinion is based upon my ownership, use and knowledge of the condition of this 2016 Dodge Challenger, and the features or additions thereto.

I have consulted the NADA Guide to Used Car Values, the issue dated closest to the filing of my petition in this case, in forming my opinion of the value of this 2016 Dodge Challenger. Although I considered this guide and it was a factor in the development of my opinion, I did not rely on the guide exclusively in forming my opinion.

I offer as evidence, in support of my opinion here expressed, the NADA Guide to Used Car Values, reflecting the adjusted value for this 2016 Dodge Challenger, as of the filing of my petition in this case, along with the page of that edition that provides the method for reducing or increasing values based upon high mileage or low mileage. I offer the NADA Guide extracts attached hereto, in support of our opinion, under Rule 803(17) <u>Federal Rules of Evidence</u>. Based on my personal knowledge and the NADA I believe my vehicle to be worth a clean value of **$18,500.00**.

Dated: 6/3/19

_____
AFFIANT SIGNATURE

Sworn to and subscribed before me this the 3rd day of _____, 2019.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES
6/14/2020

# NADA Used Cars/Trucks

NADA User Car Guide assumes no responsibility or liability for any errors or omissions or any revisions or additions made by anyone on this report.



Licensed to J.D. Power

| | | | |
|---|---|---|---|
| **Period:** | May 30, 2019 | **Region:** | Alabama |
| **VIN:** | 2C3CDZAG8GH250288 | **Ref. Number:** | |

## 2016 Dodge Challenger Coupe 2D SXT 3.6L V6

| | | | | | |
|---|---|---|---|---|---|
| **Mileage:** | 25,000 | **Adjustment:** | $2,275 | **Base MSRP:** | $26,995 |
| **Weight:** | 3,834 | | | | |

## NADA Used Cars/Trucks Values

| | Base | Mileage Adj. | Option Adj. | Adjusted Value |
|---|---|---|---|---|
| Low Auction* | $13,025 | $2,597 | N/A | $15,622 |
| Average Auction* | $15,425 | $2,597 | N/A | $18,022 |
| High Auction* | $17,850 | $2,597 | N/A | $20,447 |
| Rough Trade-In | $13,450 | $2,275 | N/A | $15,725 |
| Average Trade-In | $14,975 | $2,275 | N/A | $17,250 |
| Clean Trade-In | $16,225 | $2,275 | N/A | $18,500 |
| Clean Loan | $14,625 | $2,275 | N/A | $16,900 |
| Clean Retail | $18,600 | $2,275 | N/A | $20,875 |

\* The auction values displayed include typical equipment and adjustments for mileage and any of the following applicable accessories: engine size; drivetrain, and trim.

## Vehicle Information

| | Trade-In / Loan | Retail | | Trade-In / Loan | Retail |
|---|---|---|---|---|---|
| ☐ Certified Pre-Owned | N/A | $1,500 | ☐ Navigation System | $600 | $675 |
| ☐ Leather Seats | $625 | $700 | ☐ Power Sunroof | $625 | $700 |
| ☐ Super Track Pkg. | $400 | $450 | ☐ Alpine Stereo System | $425 | $475 |

NADA Used Car Guide and its logo are registered trademarks of National Automobile Dealers Association, used under license by J.D. Power. © 2019 J.D. Power

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

IN RE:      Priscilla Lacy        )
              xxx-xx-0604        )
                    Debtor    )

AFFIDAVIT IN SUPPORT OF REQUEST TO VALUE
PERSONAL PROPERTY

Before me, the undersigned authority, a notary public in and for the State of Alabama at large, personally appeared, Priscilla Lacy, who is known to me, and who, being by me first duly sworn, depose and says as follows:

My name is Priscilla Lacy. I am the owners of the following described property: Furniture

I offer this affidavit of my opinion of the value of this Furniture in support of my request to value this property, and pursuant to Rule 9017 <u>Federal Rules of Bankruptcy Procedure</u> and Rule 43(e) <u>Federal Rules of Civil Procedure</u>.

I have owned this Furniture for approximately ___5 years___. I have used/operated this Furniture during the entire time I have owned it. I have examined it and I am familiar with its condition and the condition of any accessories.

I have an opinion of the value of this Furniture. In my opinion, the fair market value of this Furniture was **$1000** as of **June 2019**. My opinion is based upon my ownership, use and knowledge of the condition of this Furniture, and the features or additions thereto. In forming my opinion I have also consulted materials that indicate what similar items of Furniture are selling for in my geographical area, such as newspaper ads, shoppers and advertisements by retailers.

Dated: _____6/3/c9_____

                              AFFIANT SIGNATURE

Sworn to and subscribed before me this the 3rd day of _____, 2019.

| MY COMMISSION EXPIRES |
| :---: |
| 6/14/2020 |

                          NOTARY PUBLIC

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

IN RE:    Priscilla Lacy              )
          xxx-xx-0604                 )
                    Debtor            )

## AFFIDAVIT IN SUPPORT OF REQUEST TO VALUE
## PERSONAL PROPERTY

Before me, the undersigned authority, a notary public in and for the State of Alabama at large, personally appeared, Priscilla Lacy, who is known to me, and who, being by me first duly sworn, depose and says as follows:

My name is Priscilla Lacy.  I am the owners of the following described property: Furniture

I offer this affidavit of my opinion of the value of this Furniture in support of my request to value this property, and pursuant to Rule 9017 <u>Federal Rules of Bankruptcy Procedure</u> and Rule 43(e) <u>Federal Rules of Civil Procedure</u>.

I have owned this Furniture for approximately ___8 years___.  I have used/operated this Furniture during the entire time I have owned it. I have examined it and I am familiar with its condition and the condition of any accessories.

I have an opinion of the value of this Furniture.  In my opinion, the fair market value of this Furniture was **$500** as of **June 2019**.  My opinion is based upon my ownership, use and knowledge of the condition of this Furniture, and the features or additions thereto.  In forming my opinion I have also consulted materials that indicate what similar items of Furniture are selling for in my geographical area, such as newspaper ads, shoppers and advertisements by retailers.

Dated: _____6/3/19_____

X _____
AFFIANT SIGNATURE

Sworn to and subscribed before me this the 3rd day of _____, 2019.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES
6/14/2020